◼ In the Matter of RACHEL WW., a Child Alleged to be

Permanently Neglected. OTSEGO COUNTY DEPARTMENT OF SO-CIAL SERVICES, Respondent; SUSAN XX., Appellant. [617 NYS2d 214] —Mikoll, J. P. Appeal from an order of the Family Court of Otsego County (Nydam, J.), entered May 20, 1993, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's child to be permanently neglected, and terminated respondent's parental rights.

Petitioner commenced this permanent neglect proceeding on April 6, 1992 seeking to have respondent's parental rights terminated with regard to her daughter (hereinafter the child). The child had been voluntarily placed in petitioner's custody since March 28, 1990. The relevant facts leading up to the commencement of this proceeding are as follows. In 1990, petitioner initiated a proceeding against the child's father, who was subsequently found to have sexually abused the child. In a second proceeding, respondent and her paramour were charged with neglect and sexual abuse of the child. They admitted to an amended petition which alleged neglect through inadequate supervision in that they permitted the child to view their sexual activities. It was at this time that the child's voluntary placement with petitioner began. Thereafter, the child was formally placed with petitioner for one year and the placement was extended. A plan was devised by petitioner to encourage and strengthen the parental relationship. Because petitioner was unable to return the child to respondent, the permanent neglect petition was filed.

Family Court granted petitioner's application, finding that respondent's actions undermined the goals set by petitioner in that she continued her relationship with her paramour, who was not permitted by court order to have any contact with the child. Respondent had, in fact, relocated to the City of Troy, Rensselaer County, to be near him. Family Court found that respondent failed to secure adequate housing for herself and her child and that her failure to pay rent and utilities caused her to lose a variety of housing accommodations. Additionally, respondent aborted her counseling sessions for an extensive period when she moved to Troy. Respondent was also found resistant to caseworker services, which Family Court concluded indicated a failure on her part to plan for the child's future and to achieve reunification.

Respondent's appeal focuses on her claim of inadequacy of petitioner's efforts to reunite her with the child. We find that the record supports Family Court's finding that petitioner's

efforts were diligent by clear and convincing proof (see, Social Services Law § 384-b [3] [g]). Petitioner focused on respondent's most serious problems and set out to make arrangements to assist her in correcting them. This included mental health counseling and attempting to help respondent to stabilize her living conditions. Petitioner cannot guarantee a favorable result and need only meet the threshold of "diligent efforts" to encourage the parental relationship, which was achieved by petitioner in the instant circumstances (see, Matter of Sheila G., 61 NY2d 368). A failure to utilize services offered by petitioner is evidence of a failure to plan for the future (see, Social Services Law § 384-b [7]). Petitioner's efforts were unsuccessful due to respondent's failure to plan for the future of the child, that is, in not establishing a stable home and by her resistance to effective counseling.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.